# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BATH PLANET, LLC, <br> an Illinois limited liability company, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 17-cv-6524 |
| v. | ) <br> ) | Honorable Judge |
| GREAT LAKES WINDOW & SIDING <br> COMPANY, a Minnesota corporation, | ) <br> ) <br> ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, BATH PLANET, LLC, by and through its attorneys, for its Complaint against Defendant, GREAT LAKES WINDOW & SIDING COMPANY, alleges as follows:

## PARTIES

1. Plaintiff, Bath Planet, LLC ("Bath Planet"), is an Illinois limited liability company whose principal place of business is located in Libertyville, Illinois. Bath Planet manufactures and distributes acrylic bath liners, wall surrounds and other home products.

2. Defendant, Great Lakes Window & Siding Company ("Great Lakes"), is a Minnesota corporation whose principal place of business is located in Apple Valley, Minnesota.

3. Great Lakes also operates its business in the State of Iowa and at some point in time, was registered as a foreign corporation in the State of Iowa.

## JURISDICTION AND VENUE

4. This Complaint arises out of Great Lakes' breaches of the Dealer Agreements and violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5. The Court's jurisdiction over Bath Planet's federal claims contained in this Complaint is conferred by 28 U.S.C. § 1331 as the claims relating to violations of the Lanham Act implicate a

violation of a federal statute; the Court has jurisdiction over the remaining "state court" claims of this Complaint pursuant to 28 U.S.C. § 1367(a), pursuant to this Court's supplemental jurisdiction.

6. Pursuant to 28 U.S. Code § 1391, venue in this cause is proper in the Northern District of Illinois because a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

7. Bath Planet is a leading home improvement manufacture in acrylic wall surrounds and bath liners. The name Bath Planet is well known by distributors in the home improvement industry and among consumers.

8. Bath Planet has dealers throughout the United States. Bath Planet dealers purchase home improvement products from Bath Planet and sell Bath Planet's product to consumers for installation in their homes.

9. Since in or about 2011, Bath Planet has created "micro websites" for the dealers it enters into agreements with throughout the United States and Canada. Consumers who visit the Bath Planet website are then redirected to the Bath Planet dealer in the consumer's territory. The main website operates from the Uniform Resource Locator [1] ("URL") www.bathplanet.com.

10. Pursuant to two separate written dealer agreements that Great Lakes and Bath Planet entered into, Great Lakes was a dealer for Bath Planet but the dealer agreements that governed Bath Planet and Great Lakes relationship have since terminated.

## COUNT I
## BREACH OF MINNESOTA DEALERSHIP AGREEMENT

11. Bath Planet realleges paragraphs 1 through 10 of the Complaint as if fully alleged herein.

---

[1] Uniform Resource Locator is another name for an Internet web page.

12.     On or about April 2, 2012, Bath Planet and Great Lakes entered into the Minnesota Dealer Agreement, a true and correct copy of which is attached hereto as **Exhibit 1**.

13.     Among other things, the Minnesota Dealer Agreement provides that Great Lakes was an authorized seller and installer of Bath Planet products and a licensee of certain Bath Planet intellectual property for the Minneapolis/St. Paul territory where Great Lakes operated as a Bath Planet dealer.

14.     Pursuant to paragraph 7 of the Dealer Agreement, Bath Planet licensed to Great Lakes the use of Bath Planet's name, which is registered in the United States Patent and Trademark Office as Number 4,039,470.

15.     Pursuant to paragraph 7 of the Minnesota Dealer Agreement, Great Lakes: (1) acknowledged that Bath Planet is the sole and exclusive owner of Bath Planet's trademarks, trade names, service marks, insignia, labels, designs, trade secrets and copyrights; and (2) acknowledged that it had no right, title or interest other than as a Licensee.

16.     Pursuant to paragraph 17 of the Minnesota Dealer Agreement, Great Lakes agreed to maintain the confidentiality of all Bath Planet information including but not limited to, trade secrets, manuals, catalogues, pricing information, manufacturing techniques and custom installation methods.

17.     Pursuant to paragraph 22 of the Minnesota Dealer Agreement, Great Lakes agreed that upon termination of the Minnesota Dealer Agreement, Great Lakes would immediately discontinue using Bath Planet's intellectual property, including Bath Planet's trademarks, return to Bath Planet its manuals and discontinue operating in any manner that might tend to give the public the impression that Great Lakes is still a dealer of Bath Planet or affiliated in any way with Bath Planet.

18.     On or about April 2, 2016, the Minnesota Dealer Agreement terminated by its terms. Thereafter, the parties attempted to negotiate an extension of the Minnesota Dealer Agreement but were unsuccessful in that endeavor.

19. The Minnesota Dealer Agreement provides that upon termination thereof, Great Lakes was to cease and desist from using any and all Bath Planer intellectual property, including but not limited to the Bath Planet logo and photographs. Furthermore, Great Lakes was required to return to Bath Planet its manuals, supplements and all Bath Planet materials in Great Lakes' possession.

20. However, despite the termination of the Minnesota Dealer Agreement, Great Lakes continues to this day to violate Bath Planet's intellectual property rights by using Bath Planet's intellectual property after termination of the Minnesota Dealer Agreement. Specifically, Great Lakes continues to display Bath Planet's name on advertisements, web pages and/or vehicles and failed to return to Bath Planet its manuals, supplements and other Bath Planet materials in Great Lakes' possession.

21. In July and August of 2017, Bath Planet and Bath Planet's attorney, respectively, served Great Lakes with cease and desist letters.

22. However, Great Lakes has ignored the demands to cease and desist and continues to violate paragraphs 7, 17 and 22 of the Minnesota Dealer Agreement by using Bath Planet's intellectual property.

23. Bath Planet fully performed all of the terms and obligations required of it pursuant to the Minnesota Dealership Agreement, including but not limited to providing to Great Lakes, as a Bath Planet dealer, all products Great Lakes ordered from Bath Planet.

## COUNT II
## BREACH OF IOWA DEALERSHIP AGREEMENT

24. Bath Planet realleges paragraphs 1 through 10 of the Complaint as if fully alleged herein.

25. On or about February 15, 2016, Bath Planet and Great Lakes entered into the Iowa Dealership Agreement, a true and correct copy of which is attached hereto as **Exhibit 2**.

4

26. Among other things, the Iowa Dealership Agreement provides that Great Lakes was an authorized seller and installer of Bath Planet products and a licensee of certain Bath Planet intellectual property for the Central Iowa territory described in the Iowa Dealership Agreement.

27. Pursuant to paragraph 6 of the Iowa Dealership Agreement, Great Lakes: (1) acknowledged that Bath Planet is the sole and exclusive owner of Bath Planet's trademarks, trade names, service marks, insignia, labels, designs, trade secrets and copyrights; and (2) acknowledged that it had no right, title or interest other than as a Licensee.

28. Pursuant to paragraph 14 of the Iowa Dealership Agreement, Great Lakes agreed to maintain the confidentiality of all Bath Planet information including but not limited to, trade secrets, manuals, catalogues, pricing information, manufacturing techniques and custom installation methods.

29. Pursuant to paragraph 18 of the Iowa Dealership Agreement, Great Lakes agreed that upon termination of the Iowa Dealership Agreement, Great Lakes would immediately discontinue the use of Bath Planet's intellectual property, return to Bath Planet its manuals and discontinue operating in any manner that might tend to give the public the impression that Great Lakes is still a dealer of Bath Planet or affiliated in any way with Bath Planet.

30. On or about July 20, 2017, Bath Planet terminated the Iowa Dealer Agreement by written notice.

31. The Iowa Dealership Agreement provides that upon termination thereof, Great Lakes was to cease and desist from using any and all Bath Planer intellectual property, including but not limited to the Bath Planet logo and photographs. Furthermore, Great Lakes was required to return to Bath Planet its manuals, supplements and all Bath Planet materials in Great Lakes' possession.

32. However, despite receiving Bath Planet's July 20, 2017 cease and desist letter, Great Lakes continues to wrongfully use Bath Planet's intellectual property after termination of the Iowa Dealership Agreement. Specifically, Great Lakes continues to display Bath Planet's name on

5

advertisements, web pages and/or vehicles and failed to return to Bath Planet its manuals, supplements and other dealership materials in Great Lakes' possession.

33. Therefore, on or about August 30, 2017, Bath Planet's attorney served Great Lakes with a cease and desist letter.

34. However, Great Lakes has also ignored the August 30, 2017 cease and desist letter and continues to violate paragraphs 7, 14 and 18 of the Iowa Dealership Agreement.

35. Bath Planet fully performed all of the terms and obligations required of it pursuant to the Iowa Dealership Agreement, including but not limited to providing to Great Lakes, as a Bath Planet dealer, all products Great Lakes ordered from Bath Planet.

## COUNT III
## VIOLATION OF THE LANHAM ACT

36. Bath Planet realleges paragraphs 1 through 35 of the Complaint as if fully alleged herein.

37. Since in or about 2011, Bath Planet has used the bathplanet.com URL in interstate commerce in connection with its business.

38. Great Lakes' unauthorized use of "Bath Planet" in commerce after the termination of the Minnesota and Iowa Dealership Agreements constitutes an attempt to palm off and appropriate Bath Planet's exclusive rights with respect to the "Bath Planet" mark as it is likely to cause confusion as to the affiliation, connection or association of Great Lakes with Bath Planet, or as to the origin, sponsorship, or approval of Great Lakes' goods, services or commercial activities by Bath Planet.

39. By reason of the foregoing, Great Lakes has willfully violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Great Lakes' wrongful use of the Bath Planet mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Bath Planet's marks and is therefore an exceptional case within the meaning of 15 U.S.C. § 1117.

41.     Bath Planet is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## COUNT IV – INJUNCTIVE RELIEF

42.     Bath Planet realleges paragraphs 1 through 41 of the Complaint as if fully alleged herein.

43.     Great Lakes' unlawful actions as alleged herein have caused and, unless restrained, will continue to cause, substantial and irreparable harm to Bath Planet.

44.     In addition, Bath Planet's legitimate business interests are being irreparably harmed each day Great Lakes is permitted to wrongfully utilize Bath Planet's trademarks and other intellectual property.

45.     Because Great Lakes is wrongfully using the trademarked name "Bath Planet," the potential for confusion exists in that consumers will likely associate Great Lakes with Bath Planet.

46.     As a result, Bath Planet is losing out on business in various territories located throughout the States of Iowa and Minnesota.

47.     Bath Planet has no adequate remedy at law as monetary damages are inadequate to compensate Bath Planet for the injuries caused by Great Lakes.

48.     Therefore, Bath Planet is entitled to injunctive relief against Great Lakes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Bath Planet, LLC, prays that this Honorable Court:

A.      Grant preliminary and permanent injunctive relief enjoining Great Lakes, and all others acting in concert with and having knowledge thereof, from using the Bath Planet Mark, and any similar trade name or mark or variant thereof, as a trade name, trademark, service mark, domain name, or for any other purpose;

7

  B.  Order Great Lakes to account to Bath Planet for any and all revenues and profits that Great Lakes has derived from its wrongful actions and to pay to Bath Planet all damages which Bath Planet has sustained by reason of the acts complained of herein, and that such damages be trebled;

  C.  Award Bath Planet its costs and all reasonable attorneys' fees it has incurred in this action;

  D.  Award Bath Planet punitive damages; and

  E.  Grant Bath Planet any other relief the Court deems just.

Respectfully submitted,

BATH PLANET, LLC

By:  /s/ Elliot S. Wiczer
   One of Its Attorneys

Elliot S. Wiczer – ARDC #6208432
John M. Sheldon – ARDC #6256666
Brian S. Feldman – ARDC #6288135
Kyle Fonjemie – ARDC #6317125
Wiczer & Sheldon, LLC
500 Skokie Boulevard, Suite 325
Northbrook, Illinois 60062
(847) 849-4850